

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# USA v. Santana

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Santana" (2005). *2005 Decisions.* Paper 1065.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1065

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2857

———

UNITED STATES OF AMERICA

v.

NATIVIDAD SANTANA,

Appellant

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(District Court Criminal No.: 02-cr-00801-17)
District Court Judge: Hon. Harvey Bartle, III

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH, and ROSENN, Circuit Judges.

(Filed: June 6, 2005)

———

OPINION OF THE COURT

———

PER CURIAM:

This is an appeal by defendant Natividad Santana from a conviction for conspiracy

to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. Santana pled guilty to the charge pursuant to a plea agreement. Counsel for Santana has filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that, after careful review of the record, he cannot raise any meritorious issues and that the appeal is wholly frivolous. We also note that counsel submitted a letter to the Court arguing for resentencing in light of the Supreme Court's decision in United States v. Booker, 160 L. Ed. 2d 621, 543 U.S. ___, 125 S. Ct. 738 (2005). We are satisfied that counsel has fulfilled his Anders obligations. Because the appeal is frivolous and because Santana is not entitled to relief under Booker, we hereby grant counsel's motion to withdraw and dismiss the appeal.

Santana is precluded from bringing an appeal due to a waiver contained in her plea agreement. Under the terms of the agreement, Santana waived all direct appeals except in the case that her sentence exceeded the statutory maximum or the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range. The sentencing court reviewed this provision with Santana thoroughly during the Rule 11 colloquy. Santana was sentenced to 135 months--the minimum sentence under the applicable guideline. Although Santana claims that her base offense level was improperly determined, the record shows that she stipulated to the fact that her offense involved more than 30 kilograms of heroin and that the guideline range was properly calculated. See U.S.S.G. § 2D1.1(a)(3).

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Santana makes no argument as to why the waiver of appeal should not be enforced, and this fact alone is sufficient to dismiss the appeal for lack of jurisdiction. Her pro se brief raises only an ineffective assistance of counsel claim and a claim that her sentence violates the Sixth Amendment right to a jury trial, neither of which presents a non-frivolous issue that can be addressed on direct appeal.

Santana's asserted right to relief under Booker does not require this Court to disregard her waiver of appeal. Our court has joined four other courts of appeals in holding that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005). Because Santana has not argued that her waiver of appeal was involuntary or unknowing, her appeal on these grounds must be rejected. Although we acknowledge that Santana might have received a lesser sentence under the post-Booker sentencing regime, enforcing a plea agreement under these circumstances does not effect a miscarriage of justice. See United States v. Brady, 397 U.S. 742, 757 (1970).

Finally, Santana's ineffective assistance of counsel claims are premature. Santana does not claim that her counsel's allegedly deficient performance in any way impacted her decision to waive her right to appeal, but rather that she was prejudiced by counsel's

3

statements regarding her sentencing exposure and his failure to raise arguments on appeal based on Blakely v. Washington, 159 L. Ed. 2d 403, 542 U.S. ___, 124 S. Ct. 2531 (2004). Because the record does not contain the information necessary to decide these claims, we will follow our usual practice of not deciding them on direct appeal. See United States v. Thornton, 327 F.3d 268 (3d Cir. 2003).

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.